UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
Savannah Division

| | |
|---|---|
| ROBERT A. PAYNE and GLORIA J. PAYNE, </br></br>Plaintiffs, </br></br>v. </br></br>UNITED STATES OF AMERICA, </br></br>Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) Civil Action No. __4:18-cv-265__ |

## COMPLAINT

Robert A. Payne ("Mr. Payne") and Gloria J. Payne ("Mrs. Payne"), by counsel, state as follows for their Complaint against Defendant United States of America:

### Jurisdiction and Venue

1. This action arises under the Federal Tort Claims Act, 28 U.S.C. § 2671 *et seq.* This Court is vested with jurisdiction to adjudicate this dispute pursuant to 28 U.S.C. § 1346(b).

2. In compliance with 28 U.S.C. § 2675, a notice of administrative claim was filed with the Department of Veterans Affairs, which is attached as **Exhibit A**. That claim was received by the Department of Veteran Affairs on November 1, 2017.

3. Accordingly, Mr. and Mrs. Payne's causes of action are ripe to be litigated in this Court pursuant to 28 U.S.C. § 2675(a).

4. Plaintiffs have complied with W. Va. Code § 55-7B-6 and attach the notice of claim as **Exhibit B**, and attach the required screening certificate of merit as **Exhibit C**.

5. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1402(b) because Plaintiffs reside in Liberty County in the Southern District of Georgia.

6. At all times relevant to this action, the United States owned and operated the Beckley VA Medical Center ("Beckley VAMC") in Beckley, West Virginia and its affiliated outpatient care centers.

7. At all times relevant to this action, the agents, servants, employees, and personnel of the United States were acting within the course and scope of their employment in providing medical care and treatment to Mr. Payne.

8. Mr. Payne is a veteran of the United States Armed Forces, and thus is entitled to medical care and treatment at the Beckley VAMC and its affiliated outpatient care centers.

9. The medical care described as follows was provided to Mr. Payne at the Beckley VAMC and/or its affiliated clinics unless otherwise stated.

## Allegations

10. Plaintiffs restate and re-allege paragraphs 1 through 9 as if fully stated herein.

11. Robert A. Payne is a 70-year-old veteran of the Armed Forces who now suffers from chronic pain, loss of mobility, and limited use of his right wrist and hand (his dominant hand) as a result of a negligently performed orthopedic surgery at the Beckley VAMC, in which William R. Carson, M.D. ("Dr. Carson"), inadvertently removed the wrong bone.

12. On July 17, 2015, Mr. Payne underwent a right thumb basal joint resection arthroplasty, performed by Dr. Carson at the Beckley VAMC.

13. In his operative report, Dr. Carson did not note any complications.

14. Post-operatively, Mr. Payne experienced significant pain, immobility, and stiffness in his right wrist, impairing the use and dexterity of his right hand to an extent markedly greater than what he had experienced before the surgery. These impairments represent a significant disability as Mr. Payne is right-handed.

15. Mr. Payne reported these symptoms to Dr. Carson and his other medical providers at the Beckley VAMC.

16. On October 16, 2015, Mr. Payne's pain level in his right wrist and hand was recorded as an 8/10.

17. On October 29, 2015, in an attempt to relieve some of Mr. Payne's pain, Dr. Carson administered a cortisone injection.

18. On November 1, 2016, a CT scan of Mr. Payne's right wrist was taken, which showed "post-surgical changes with resection of the scaphoid…"

19. The scaphoid is one of eight small bones that make up the carpal bones of the wrist. The scaphoid is significant as it connects two rows of these bones, the proximal row — which is closer to the forearm, and the distal row — which is closer to the hand.

20. The removal of the scaphoid was not an intended part of the procedure performed by Dr. Carson on July 17, 2015.

21. On November 1, 2016, Dr. Carson reviewed the CT scan and noted the pain and limited mobility Mr. Payne was experiencing. Dr. Carson, however, did not document or otherwise address the fact that Mr. Payne's CT scan showed that Dr. Carson had accidentally removed the scaphoid bone.

22. By November 4, 2016, Dr. Carson had realized his mistake. He called Mr. Payne back to the Beckley VAMC to discuss the findings from the November 1, 2016 CT scan.

23. Dr. Carson admitted to Mr. Payne that during the procedure "the scaphoid bone had inadvertently been removed," which "subsequently led to carpal instability and loss of dorsiflexion of his wrist."

24. As a result of Dr. Carson's improper removal of the scaphoid bone during the July 17, 2015 surgery, Mr. Payne now suffers from carpal instability and loss of dorsiflexion of his wrist.

25. Mr. Payne suffers from chronic pain, immobility, limited extension, loss of grip, and loss of use of his dominant wrist and hand. Unfortunately, the medical consensus is that it is unlikely his hand and wrist will improve.

26. Had the Beckley VAMC healthcare providers, including Dr. Carson, appropriately performed the surgery, Mr. Payne would not now suffer from significant disability and the related maladies caused by the loss of full use of his dominant hand and wrist.

27. Mr. Payne's injuries and pain and suffering, as well as Mrs. Payne's loss of consortium, and their other economic and non-economic losses, are a direct result of the negligent care provided by Dr. Carson at the Beckley VAMC.

### Negligence

28. Plaintiffs restate and re-allege paragraphs 1 through 27 as if fully stated herein.

29. As a provider of medical services to Mr. Payne, the United States and its agents, servants, or employees at the Beckley VAMC and its affiliates, including but not limited to Dr. Carson, owed Mr. Payne a duty to provide him medical care consistent with the governing standard of medical care.

30. The agents, servants, or employees at the Beckley VAMC and its affiliates, including but not limited to Dr. Carson, while acting within the scope of their employment, violated the applicable standards of medical care in the following respects:

(a) negligent removal of the scaphoid during the July 17, 2015 right thumb arthroplasty surgery; and

4

(b) any and all other deviations from the standard of care which will be developed through further investigation, discovery, and expert review.

31. As a direct and proximate result of the negligence of Defendant, Plaintiffs claim the following damages:

(a) compensation for Mr. Payne's permanent and substantial physical deformity, loss of use of a limb, pain, suffering, mental anguish, emotional distress, grief, and loss of enjoyment of life;

(b) compensation for Mr. and Mrs. Payne's economic damages, including past and future medical expenses;

(c) compensation for Mrs. Payne's emotional distress, mental anguish, and loss of consortium and services; and

(d) compensation for any other damages sustained by Plaintiffs as a proximate result of the negligence of the government's employees and/or agents.

WHEREFORE, Plaintiffs request that the Court grant judgment in their favor against the Defendant in the amount of Two Million Dollars ($2,000,000.00), together with any other costs as they may be lawfully entitled to recover.

Respectfully submitted,

FAIN, MAJOR & BRENNAN, P.C.

By: _____
Dale C. Ray, Jr.
Georgia Bar # 596095

Attorneys for ROBERT A. PAYNE and
GLORIA J. PAYNE

100 Glenridge Point Parkway
Suite 500
Atlanta, GA 30342
(404) 688-6633
dray@fainmajor.com